# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1854, AT LENOX.

==========

##### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

## Commonwealth *vs.* George O. Rumrill.

Sales of three glasses of spirituous or intoxicating liquor in the course of the same evening, each of the first two of which is drunk and paid for before the next is delivered, if found by the jury to be three distinct and independent transactions, are sufficient evidence to convict the vendor of being a common seller, under *St.* 1852, *c.* 322, § 12.

Indictment for being a common seller of spirituous and intoxicating liquors, founded on *St.* 1852, *c.* 322, § 12, which declares, among other things, that "three several sales of spirituous or intoxicating liquors, either to different persons or to the same person, shall be sufficient to constitute a violation of this section."

Trial in the court of common pleas, at January term 1854, before *Briggs,* J. who signed the following bill of exceptions:

" One of the witnesses of the government testified that on the evening of the 13th of December last he went into the defendant's grocery, and there saw the defendant and one Westfall; heard Westfall call for a glass of brandy; and saw him pour out a glass from a bottle standing there on a table, and drink it, and saw him pay the defendant for it; that the witness and Westfall then had oysters together, viz. two half plates of oysters; that while eating the oysters Westfall called for more brandy, and took another glass from the bottle, and witness and Westfall paid eighteen cents for the oysters and brandy; that after they had finished eating the oysters, Westfall called for more brandy, and took another glass from the same bottle, which glass the witness paid for. There was evidence tending to show other sales on different days. The defendant's counsel contended that these facts would constitute but one sale, in the meaning of said section; and that it would take three such transactions to make the three sales described in said section, to constitute a common seller.

" But the judge declined so to instruct the jury; but instructed them, that if several persons went into the shop of the defendant, and spent the evening there, and one or more of them called for liquor at different times during the evening, and drank it without paying for it at the time, and, before having called for the bill, paid for what he had during the evening, all would be a part of one transaction, and the liquor he had called for and drunk at different times constitute but one sale; but if, on going in, one of the party called for brandy, and it was delivered to him, and he took, drank, and paid for it, and then in the course of the evening he should call for brandy again, and it should be delivered to him, and he should take, drink, and pay for it, this would constitute different and separate sales. And if, in this case, the jury were satisfied, from the facts proved, beyond any reasonable doubt, that one of the persons present in the defendant's shop called for brandy at two different times, and it was received by him, drunk and paid for at different times; and in

33 *

the course of the evening another person called for brandy and paid for it, and it was drunk by the same person who had called, drunk and paid for brandy at two other different times, and these several acts were separate and distinct transactions, having no connection with or dependence upon each other, but were inde-pendent transactions, the first two would be two several sales to the same person, and the last a sale to a different person, within the meaning of the law, and the jury might treat them as three several sales."

The defendant, being found guilty, alleged exceptions.

*J. Rockwell,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Odlin,* 23 Pick. 275; *Commonwealth* v. *Perley,* 2 Cush. 559; *Commonwealth* v. *Thayer,* 8 Met. 525.

DEWEY, J. We perceive no sufficient ground for setting aside the verdict in the present case. The distinction between those acts which would be embraced in one transaction and constitute a single sale, and those necessary to establish three distinct sales, was fully stated, and the instruction was sufficiently favorable for the defendant. Perhaps too much so, so far as it assumed that actual payment for each quantity sold before purchasing a second quantity was essential to make the sales distinct; as any thing equivalent to payment, such as a direction to charge the glass of liquor to the account of the purchaser on the books of the seller, might have, in this respect, the like effect as payment. The fact of payment for the first article bought, previous to call-ing for a second, is evidence of a very decisive character as to the separate sale, and was properly so considered.

*Exceptions overruled.*